UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BRANDT,

       Plaintiff,                          Hon. Paul L. Maloney

v.                                                Case No. 1:19-cv-515

COUNTY OF ST. JOSEPH,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part. Specifically, the undersigned recommends that Defendant be granted summary judgment as to Plaintiff's federal law claims, but that Plaintiff's state law claim(s) be remanded to state court.

## BACKGROUND

Plaintiff initiated this action in state court against St. Joseph County, which subsequently removed the matter to this Court. (ECF No. 1). In his amended complaint, (ECF No. 9), Plaintiff alleges the following. On two occasions in 2016, Plaintiff was arrested and criminally charged. Plaintiff, who is deaf, was forced to participate in criminal proceedings related to these charges without the aid of an interpreter. Plaintiff alleges that Defendant's actions violated his rights under the

-1-

Americans with Disabilities Act (ADA) as well as one or more provisions of Michigan law. Plaintiff requests an unspecified amount in monetary damages. Defendant now moves for summary judgment. Plaintiff has responded to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must

instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

### I. Americans with Disabilities Act (ADA)

Plaintiff asserts that Defendant's actions violate his rights under Title II of the ADA. To state a claim under Title II of the ADA, Plaintiff must establish: (1) he is a qualified person with a disability; (2) defendants are subject to the ADA; and (3) he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Because Plaintiff is seeking monetary damages, he must further demonstrate that Defendant acted with "deliberate indifference." *See, e.g., R.K. ex rel. J.K. v. Board of Education of Scott County, Kentucky*, 637 Fed. Appx. 922, 925 (6th Cir., Feb. 5, 2016); *Updike v. Multnomah County*, 870 F.3d 939, 949-51 (9th Cir. 2017). In this context, a party acts with deliberate indifference if it "disregards a known or obvious consequence of its actions, namely that its actions will violate the plaintiff's federally-protected rights." *R.K. ex rel. J.K.*, 637 Fed. Appx. at 925. Deliberate indifference is not established by action that is merely negligent, rather Plaintiff must establish that Defendant acted with "deliberateness." *Updike*, 870 F.3d at 950-51.

Interpreting the evidence before the Court in a light most favorable to Plaintiff reveals the following.[1] On February 24, 2016, Plaintiff was arraigned on a misdemeanor domestic violence charge. (ECF No. 15, Exhibit A; ECF No. 16, PageID.130). The video recording of Plaintiff's arraignment reveals that the magistrate was aware of Plaintiff's hearing difficulty and accounted for such by providing Plaintiff with a written description of the charges against him as well as the rights he possessed. (ECF No. 15, Exhibit A). Plaintiff expressed his understanding of such and a plea of

---

[1] It is well understood that only admissible evidence can be considered when resolving a motion for summary judgment. *See, e.g., Bluegrass Dutch Trust Morehead, LLC v. Rowan County Fiscal Court*, 734 Fed. Appx. 322, 327 (6th Cir., May 10, 2018). The proffered evidence, however, "need not be in admissible form [merely] its content must be admissible." *McGuire v. Michigan Department of Community Health*, 526 Fed. Appx. 494, 496 (6th Cir., May 9, 2013). Neither party has challenged the admissibility of the evidence submitted by the opposing party. The Court, therefore, has considered the parties' evidence in resolving the present matter.

not guilty was entered on his behalf. (ECF No. 15, Exhibit A; ECF No. 16, PageID.126, 130). Plaintiff has presented no evidence that his rights were in any way violated or impaired as a result of this proceeding or how such was conducted.

On February 26, 2016, Plaintiff was apparently arraigned a second time.[2] (ECF No. 16, PageID.120, 130). Other than the vague assertion that he "could not understand much" of what occurred at the February 26, 2016, proceeding (ECF No. 16, PageID.120), Plaintiff has presented no evidence that his rights were in any way violated or impaired as a result of this proceeding or how such was conducted.

On March 17, 2016, a pre-trial hearing was conducted at which Plaintiff was provided an interpreter. (ECF No. 16, PageID.126-27, 131). On April 21, 2016, Plaintiff was arraigned on a drunk driving charge. (ECF No. 15, Exhibit B; ECF No. 16, PageID.122, 127). The video of this proceeding reveals that Plaintiff did not have the services of an interpreter. (ECF No. 15, Exhibit B). The judge explained to Plaintiff, and Plaintiff's father, that the court attempted, without success, to secure the services of an interpreter. (*Id.*). The judge then explained that because Plaintiff was already scheduled to return to court on May 6, 2016, for his domestic violence charge, the court would schedule the next proceeding in his drunk driving case for the same May 6, 2016, proceeding, at which the court would ensure that an interpreter was present.

---

[2] The parties have not submitted any video recording of this proceeding. Instead, this proceeding is referenced in a docket sheet submitted by Plaintiff. (ECF No. 16, PageID.130). This proceeding appears to be related to Plaintiff's February 24, 2016, arraignment for domestic violence.

(*Id.*). Plaintiff was provided written notice of this rescheduling and permitted to leave.[3] (*Id.*). Plaintiff has neither asserted nor presented evidence that his rights were in any way violated or impaired as a result of this proceeding or how such was conducted.

While several other proceedings regarding Plaintiff's criminal charges had to be rescheduled due to the court's inability to obtain an interpreter (ECF No. 11, PageID.77-92; ECF No. 16, PageID.125-32), there is no evidence that Plaintiff participated in any further court proceedings without the services of an interpreter. As previously noted, to prevail on his claim Plaintiff must establish, in part, that he suffered a violation of his rights due to Defendant's deliberate indifference. While Plaintiff was arraigned without the benefit of an interpreter, his claim nevertheless fails because he has presented no evidence that this resulted in a violation of his rights or in any way impaired his defense.

The purpose of a criminal arraignment is to provide the defendant with formal notice of the charge against him and to permit him to enter a plea. *See, e.g., People v. Nix*, 836 N.W.2d 224, 231-32 (Mich. Ct. App. 2013); *see also, Sweet v. Howes*, 2016 WL 4445370 at *9 (W.D. Mich., Aug. 24, 2016) (recognizing that, in Michigan, an

---

[3] It is not clear whether Plaintiff's arraignment on the drunk driving charge occurred during this April 21, 2016, proceeding or instead was accomplished at the May 6, 2016, proceeding. The docket sheet submitted by Plaintiff indicates that a proceeding occurred on May 6, 2016, and that an interpreter was present. (ECF No. 16, PageID.132). Plaintiff has presented no evidence to the contrary. Interpreting the evidence in Plaintiff's favor, however, the Court will assume for present purposes that Plaintiff was arraigned on the drunk driving charge on April 21, 2016, without benefit of an interpreter.

arraignment is not a critical stage of a criminal proceeding). With respect to the arraignments in question, Plaintiff has presented no evidence that he was not informed of: (1) the charge against him; (2) the potential penalties he faced; and (3) the various rights he possessed. Plaintiff has likewise failed to present evidence that a plea other than not guilty was entered on his behalf at his arraignments. Finally, Plaintiff has presented no evidence that any of the constitutional rights he possessed as a criminal defendant were violated or impaired in this matter.

As noted above, summary judgment is proper against a party who fails to present evidence sufficient to carry its burden at trial. Because Plaintiff has failed to present any evidence that Defendant deliberately violated his rights, Defendant is entitled to summary judgment as to Plaintiff's ADA claim.

## II. State Law Claim

Plaintiff also asserts one or more claim under Michigan law. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Accordingly, the undersigned recommends that the Court

decline to exercise supplemental jurisdiction over Plaintiff's state law claim(s), and instead remand this matter to the state court in which it originated.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 11) be granted in part and denied in part. Specifically, the undersigned recommends that Defendant be granted summary judgment as to Plaintiff's ADA claim, but that Plaintiff's state law claim(s) be remanded to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 26, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge